IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 15, 2010 Session

PAUL DAVIS, M.D., v.
JACKSON TENNESSEE HOSPITAL COMPANY, LLC.

Direct Appeal from the Chancery Court for Madison County
No. 63572     James F. Butler, Chancellor

No. W2009-02537-COA-R3-CV - Filed July 16, 2010

This is an appeal from the trial court's grant of summary judgment. After reviewing the record, we find that the Notice of Appeal was not timely filed. Therefore, this Court does not have subject matter jurisdiction and the appeal is dismissed.

Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed.

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S.,  and HOLLY M. KIRBY, J., joined.

Stephen H. Biller, Memphis, Tennessee, for the appellant, Paul Davis, M.D.

Julie Murphy Burnstein, Nashville, Tennessee, for the appellee, Jackson Tennessee Hospital Company, LLC, d/b/a Regional Hospital of Jackson.

OPINION

This is a breach of contract action. Appellant, Paul Davis, M.D., filed a complaint against Jackson, Tennessee Hospital Company, LLC d/b/a Regional Hospital of Jackson (the "hospital") and West Tennessee Orthopedics and Sports Medicine, P.C. ("WTOSM") on December 8, 2005. Dr. Davis alleged that both the hospital and WTOSM breached agreements they had with Dr. Davis to perform orthopedic surgery. According to the complaint WTOSM failed to provide Dr. Davis with sufficient work, failed to pay him for services rendered, and made him liable to repay money paid by the hospital on Dr. Davis' behalf. In his complaint, Dr. Davis alleged that the hospital failed to ensure that WTOSM provided Dr. Davis with sufficient patients. Dr. Davis also alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq* and asserted that he was entitled to recover under principles of *quantum meruit*. Dr. Davis filed an amended complaint on

January 9, 2006 adding six other individual defendants and adding claims of fraudulent inducement and breach of fiduciary duty.

On January 9, 2006, WTOSM filed an answer and counter-complaint. WTOSM asserted that pursuant to its agreement with Dr. Davis, he owed WTOSM $111,115.22. Also, on January 9, 2009 the hospital filed its answer and counter-complaint. The hospital asserted that Dr. Davis had breached their agreement and pursuant to the agreement, Dr. Davis owed the hospital $91,814.66.

Thereafter litigation ensued. The hospital filed a motion for summary judgment on September 29, 2008. Dr. Davis filed a response on November 3, 2008. The trial court held a hearing on April 13, 2009 and took the matter under advisement. On June 2, 2009, the trial court sent a letter to counsel for Dr. Davis and counsel for the hospital informing them of its decision. The trial court provided a detailed lengthy discussion of the history of the case, the legal standards applicable, and its analysis. The trial court granted the hospital's motion for summary judgment, awarded it $91,814.66 on its counter-claim and dismissed Dr. Davis' claim for relief against the hospital. An order was entered on June 22, 2009 reflecting this decision and provides in pertinent part:

> It is, therefore, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
>
> 1.    [The hospital's] motion for Summary Judgment is granted and judgment is entered in [the hospital's] favor on its counterclaim in the amount of $91,814.66.
> 2.    [Dr.] Davis is not entitled to the relief sought in his Complaint against [the hospital]. Accordingly, the Complaint filed by [Dr.] Davis against [the hospital] is dismissed with prejudice.

The trial court's June 22, 2009 letter was attached and incorporated by reference to this order.

On July 6, 2009, the hospital filed a motion requesting the trial court to certify its June 22, 2009 order as final pursuant to Tenn. R. Civ. P. 54.02. On September 1, 2009, the trial court granted the hospital's motion, finding that "[a]ll claims against [the hospital] have been resolved and all claims asserted by [the hospital] have been resolved" and there was no just reason for delay.

As shown in the Appellate record, Dr. Davis filed his Notice of Appeal on October 2, 2009. He raises four issues for our review:

1.  Whether the trial court properly applied the Summary Judgment standard under Rule 56?
2.  Whether the trial court properly granted summary judgment to the hospital notwithstanding its failure to construe all of the contracts/agreements between all parties to the underlying transactions?
3.  Whether the trial court erred in granting the hospital's motion to deem the granting of summary judgment a final judgment?
4.  Whether the trial court erred in awarding pre-judgment interest to the hospital?

Before considering the issues, we must first determine whether this court has jurisdiction to consider this appeal. If the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). Rule 3(a) of the Tennessee Rules of Appellate Procedure defines an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). Here the appeal is from an order certified by the trial court as final pursuant to Tenn. R. Civ. P. 54.02. However, Dr. Davis asserts that the trial court did not properly certify the order granting summary judgment as a final order pursuant to Tenn. R. Civ. P. 54.02. We disagree. Tenn. R. Civ. P. 54.02 provides:

> **Multiple Claims for Relief.**
>
> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, *or when multiple parties are involved*, the court, whether at law or in equity, may direct the entry of a final judgment as to

one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added). In the case before us, there were multiple parties involved. When the trial court granted the hospital's motion for summary judgment, it adjudicated all of the claims between Dr. Davis and the hospital. Therefore, the trial court did not err in certifying the judgment as final upon finding that there was no just reason for delay. *See* **Carr v. Valinezhad**, No. M2009-00634-COA-R3-CV, 2010 WL 1633467, at *2 (Tenn. Ct. App. April 22, 2010). Upon certifying the order as final, the order was appealable to this Court. Tenn. R. App. P. 3.

Further, if the notice of appeal is not timely filed, the Court of Appeals lacks subject matter jurisdiction over the appeal. **Ball v. McDowell**, 288 S.W.3d 833, 836 (Tenn. 2009). Tennessee Rule of Appellate Procedure 4 provides a thirty day time period in which a party aggrieved by a final judgment may file a notice of appeal. This time period runs from the date the trial court entered the judgment appealed from.[1] Tenn. R. App. P. 4(a). To properly file a notice of appeal, the appellant must file the notice of appeal with the clerk of the trial court. Tenn. R. App. P. 4(a). The notice of appeal must specify the party or parties taking the appeal, designate the judgment from which relief is sought, and name the court to which the appeal is taken. Tenn. R. App. P. 3(f). Also, the appellant must serve a copy of the notice of appeal within seven days of filing the notice on counsel for each party or the party itself if not represented. Tenn. R. App. P. 5(a).

In this case, the trial court entered its order certifying the grant of summary judgment

---

[1]This time period may be extended if a timely motion pursuant to Tenn. R. Civ. P. 50.02 for judgment in accordance with a motion for directed verdict, Rule 52.02 to amend or make additional findings of fact, Rule 59.02 for a new trial, or Rule 59.04 to alter or amend the judgment is made to the trial court. Tenn. R. App. P. 4(b). If such motion is timely made, the period in which a notice of appeal may be filed begins to run on the date in which an order denying the motion is entered. Tenn. R. App. P. 4(b).

as final on September 1, 2009. From that date, Dr. Davis had thirty days to file his notice of appeal. Tenn. R. App. P. 4(a). To calculate the thirty days, the date the judgment was entered is not included and the period begins the following day. Tenn. R. Civ. P. 6.01. The last day of the time period is included unless it is a Saturday, Sunday or legal holiday. Tenn. R. Civ. P. 6.01. Because the time period is thirty days, intermediate Saturdays, Sundays, and legal holidays are included. Tenn. R. Civ. P. 6.01. Therefore, Dr. Davis had until October 1, 2009 to file his notice of appeal. Unfortunately, as reflected in the record, Dr. Davis filed his notice of appeal on October 2, 2009, one day beyond the thirty day time period provided by Tenn. R. App. P. 4. On June 21, 2010, this Court entered an order directing Dr. Davis to show cause as to why his appeal should not be dismissed for failure to timely file his notice of appeal. On June 24, 2010, Dr. Davis filed a response to this Court's order wherein he asserted that he faxed his notice of appeal to the trial court on October 1, 2009 and sent another copy via Federal Express which was received by the clerk on October 2, 2009. However, Tenn. R. Civ. P. 5A.02 provides:

> **(4)** The following documents shall *not* be filed in the trial court by facsimile transmission:
>
> *                    *                    *
>
> *(e) A notice of appeal.*

(emphasis added). Therefore, we cannot consider the notice of appeal faxed on October 1, 2009 in determining whether the notice was timely filed. Because the notice of appeal was not appropriately received and filed by the clerk of the trial court until October 2, 2009, Dr. Davis' notice of appeal was not timely filed. Therefore, this Court does not have subject matter jurisdiction.

For the foregoing reasons this appeal is dismissed. Costs of the appeal are taxed to the Appellant Paul Davis, M.D. and his surety for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE